RYAN BALL (SBN 321772)
*RBall@goodwinlaw.com*
**GOODWIN PROCTER LLP**
660 Newport Center Dr., Suite 450
Newport Beach, CA 92660
Tel.: +1 949 743 3400
Fax: +1 213 623 1673

Attorneys for Defendant
NERDWALLET, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FATIMA DAVIS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NERDWALLET, INC. a Delaware Corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 4:26-cv-2384<br><br>**NOTICE OF REMOVAL**<br><br>State Court Complaint Filed: February 5, 2026<br><br>*Removed from Alameda County Superior Court, Case No. 26CV169084* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant NerdWallet, Inc. ("NerdWallet"), by and through its counsel of record, hereby removes the above-entitled action (the "Action") to this Court from the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1441, 1446, and 1453. This removal is based on the following grounds:

## I. Background

1. On February 5, 2026, Plaintiff Fatima Davis ("Plaintiff") filed a putative class action complaint for damages in the Superior Court of the State of California, County of Alameda, against NerdWallet, captioned *Fatima Davis, on behalf of herself and all others similarly situated v. NerdWallet, Inc., a Delaware Corporation; and DOES 1–100, inclusive*, No. 26CV169084 (the "Complaint," attached hereto as **Exhibit B**). (Compl. ¶ 1.)

2. The Complaint was served on Defendant NerdWallet on February 20, 2026.

3. The Complaint asserts claims for violations of: (1) the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq*. ("CIPA"); (2) the Wiretap Act, Title I of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*. ("ECPA"); (3) the California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA"); (4) Invasion of Privacy under Article I, Section 1 of the California Constitution; and (5) the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"). (Compl. ¶¶ 1, 111–123 (CIPA), 124–135 (ECPA), 136–156 (CDAFA), 157–166 (Cal. Const.), 167–172 (UCL).)

4. Defendant NerdWallet, Inc., a Delaware Corporation, owns and operates a website at https://www.nerdwallet.com (the "Website"). (Compl. ¶ 19.)

5. Plaintiff alleges that when users visit the Website, numerous trackers and cookies developed and operated by third parties (the "Trackers") are installed on Website visitors' internet browsers, and those Trackers are used to collect Website visitors' identifying information as well as other data points that reveal the users' behavior and activity on the Website. (Compl. ¶ 20.)

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibits A–C** are true and correct copies of the Complaint and all related papers served upon NerdWallet in the Action..

## II. THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

### A. Removal Standard

7. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal is proper under federal question jurisdiction where "a federal cause of action [] appear[s] on the face of the complaint." *Felton v. Unisource Corp.*, 940 F.2d 503, 506 (9th Cir. 1991).

8. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." State and federal claims are "part of the same case or controversy" where "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

### B. Federal Question Jurisdiction Exists Over Plaintiff's ECPA Claim

9. Removal based on federal question and supplemental jurisdiction is proper because (i) Plaintiff brings a federal cause of action under the ECPA; and (ii) the state and federal law claims form part of the same case or controversy—namely, Plaintiff bases both the state and federal allegations on the alleged deployment of Trackers on NerdWallet's website.

10. Plaintiff's Second Cause of Action is titled "Violation of the Wiretap Act[,] Title 1 of the Electronic Communications Privacy Act ('ECPA') (18 U.S.C. § 2510, et seq.)." (Compl. ¶ 124.) Plaintiff alleges that the Wiretap Act prohibits the intentional interception, use, and/or disclosure of the contents of any wire, oral, or electronic communication, citing 18 U.S.C. § 2511(a), (c), (d). *Id.* ¶ 125. Plaintiff seeks statutory damages pursuant to 18 U.S.C. § 2520, including the greater of actual damages or statutory damages of at least $10,000 per violation, as well as reasonable attorneys' fees. *Id.* ¶ 135. Thus, a federal cause of action exists on the face of the Complaint.

### C. The Court Has Supplemental Jurisdiction Over the State Law Claims

11. All of Plaintiff's causes of action are part of the same case or controversy and would ordinarily be expected to be tried together. Specifically, all of Plaintiff's causes of action arise out of NerdWallet's alleged use of Trackers on its website and the alleged interception and disclosure of Plaintiff's and Class Members' communications and information without consent. Compl. ¶¶ 3–5.

12. Courts routinely find subject-matter jurisdiction based on federal question and supplemental jurisdiction in similar circumstances. *See, e.g., Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1083 (N.D. Cal. 2025) ("The Court has federal question jurisdiction over Plaintiffs' Wiretap Act claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a).").

## III. <u>This Court Has Subject Matter Jurisdiction Under CAFA</u>

13. Independently and alternatively, this Court has original jurisdiction over this Action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Removal based on CAFA is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between Plaintiff and NerdWallet; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Accordingly, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)(2).

14. As a preliminary matter, NerdWallet denies Plaintiff's factual allegations and denies that Plaintiff, or the putative class Plaintiff purports to represent, is entitled to the relief requested; NerdWallet does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law, and NerdWallet does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. However, as set forth below, based on Plaintiff's allegations in the Complaint, Plaintiff's prayer for relief, and publicly available information, all requirements for jurisdiction under CAFA have been met.

**A. The Putative Class Has More Than 100 Members**

15. Plaintiff asserts claims on behalf of a putative Nationwide Class comprised of "[a]ll United States residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." (Compl. ¶ 102 & p. 17.)

16. Plaintiff also asserts claims on behalf of a putative California Subclass comprised of "[a]ll California residents who accessed the Website in California and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent one year prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." (Compl. ¶ 102 & p. 17.)

17. Plaintiff alleges that Plaintiff "is informed and believe [*sic*] that the members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Class Representative Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant." (Compl. ¶ 104.)

18. NerdWallet is a major national financial services website that provides tools and information regarding credit cards, loans, investments, banking, and other financial products to users throughout the United States. NerdWallet's Website is accessed by millions of monthly users.[1] Without conceding any of Plaintiff's allegations, including the allegation that NerdWallet collected any data without consent, given the national reach and prominence of NerdWallet's website, the putative class readily and easily satisfies the 100-member threshold. *See* 28 U.S.C. § 1332(d)(5)(B).

[1] *See, e.g.,* NerdWallet, Inc. Form 10-K for the Fiscal Year Ended December 31, 2025, p. 3, available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0001625278/000162527826000014/nrds-20251231.htm.

**B. Diversity of Citizenship Exists**

19. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010). For purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

20. Defendant NerdWallet is a Delaware Corporation with its principal place of business located in San Francisco, California.[2] Thus, NerdWallet is a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1).

21. CAFA's minimal diversity requirement is satisfied here because NerdWallet is a citizen of California and Delaware, and the putative nationwide class (Compl. ¶ 102) necessarily includes members from states other than California and Delaware. 28 U.S.C. § 1332(d)(2)(A) (CAFA's minimal diversity requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C. The Amount in Controversy Exceeds $5,000,000**

22. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

23. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate

---

[2] Plaintiff incorrectly alleges that NerdWallet's principal place of business is in Scottsdale, Arizona. (Compl. 7); *compare, e.g.*, NerdWallet, Inc. Form 10-K for the Fiscal Year Ended December 31, 2025, p. 1, available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0001625278/000162527826000014/nrds-20251231.htm.

exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

24. In alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed) ("Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

25. Although NerdWallet denies Plaintiff's factual allegations and denies that Plaintiff or the class Plaintiff seeks to represent is entitled to relief, as detailed below, more likely than not Plaintiff's allegations and prayer for relief put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

26. Plaintiff seeks statutory damages of $5,000 for each violation of CIPA section 631(a), and $5,000 for each violation of CIPA section 638.51(a), for a total of $10,000 per class member in CIPA statutory damages. (Compl. ¶ 122; Prayer for Relief ¶ 4.)

27. Plaintiff also seeks statutory damages of at least $10,000 for each violation of the Federal Wiretap Act, plus reasonable attorneys' fees. (Compl. ¶ 135; Prayer for Relief ¶ 5.)

28. Taken together, each California resident member of the putative class seeks a total of $20,000 in statutory damages. Therefore, the putative California subclass need only contain 250 members to satisfy the $5,000,000 amount-in-controversy requirement. As explained above, NerdWallet is a major national financial services website with millions of monthly users, and any

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. NerdWallet's references to specific damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. NerdWallet maintains that Plaintiff's claims lack merit and that NerdWallet is not liable to Plaintiff or any putative class member. NerdWallet expressly denies that either Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, NerdWallet denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

reasonable estimate of the number of California residents who accessed the Website during the California subclass period far exceeds 250 people. Therefore, the $5,000,000 CAFA threshold is easily satisfied by the California subclass's statutory damages claims alone, without even accounting for the claims of the nationwide class.

29. While NerdWallet denies that Plaintiff or any member of the putative class states a claim or is entitled to any damages or relief whatsoever, NerdWallet has demonstrated for removal purposes that the amount in controversy under CAFA is satisfied based on Plaintiff's statutory damages demanded on behalf of the California subclass.

**D. The Home State Exception to CAFA Does Not Apply**

30. CAFA's Home State Exception does not apply to this matter.

31. Under the mandatory home state exception, a federal district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed, and the primary defendants are citizens of that same state. 28 U.S.C. § 1332(d)(4).

32. In limited circumstances, a federal district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction over a class action where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3).

33. In general, a "primary defendant" is "anyone 'who has a substantial exposure to a significant portion of the proposed class in the action.'" *Kendrick v. Xerox State & Local Sols., Inc.*, 2018 WL 1605104, at *4 (N.D. Cal. Apr. 3, 2018), *aff'd sub nom. Kendrick v. Conduent State & Local Sols., Inc.*, 910 F.3d 1255 (9th Cir. 2018).

34. Here, Plaintiff brings all of her claims against NerdWallet and no other named, served defendant. NerdWallet is a Delaware Corporation with its principal place of business in San Francisco, California, and is therefore a California citizen for purposes of this analysis. However, the mandatory Home State Exception applies only where two-thirds or more of the members of *"all proposed plaintiff classes in the aggregate"* are citizens of California. 28 U.S.C. § 1332(d)(4)

(emphasis added). Here, Plaintiff defines a nationwide class of all United States residents who accessed the Website during the relevant period. (Compl. ¶ 102.) NerdWallet's Website is not in any way limited to visitors located in California. (*See* Compl. ¶ 1.) Rather, Members of the putative classes are distributed across all fifty states, and it is implausible that two-thirds or more of all class members in the aggregate are California citizens. A party seeking remand bears the burden of establishing that a CAFA exception applies. *See Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 (9th Cir. 2013). Accordingly, the mandatory Home State Exception to CAFA removal jurisdiction does not apply here.

35. Similarly, the discretionary exception under 28 U.S.C. § 1332(d)(3) is not available because it is implausible that one-third or more of all class members in the aggregate are California citizens. 28 U.S.C. § 1332(d)(3)(limiting discretion to class actions in which "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed"). In any event, this action involves matters of national interest—NerdWallet's alleged deployment of tracking technologies on its nationwide Website—and the putative Nationwide Class extends well beyond California's borders.

## IV. <u>All Other Requirements For Removal Are Satisfied</u>

### A. This Notice of Removal Is Timely

36. Under 28 U.S.C. §§ 1446(b) and 1453, a notice of removal must be filed within 30 days of the completion of service of the summons and complaint on the removing defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

37. Plaintiff's Proof of Service of Summons states that NerdWallet was served with the Summons and Complaint on February 20, 2026. *See* Service of Summons, attached as **Exhibit A**, ¶ 3. Because this Notice of Removal is filed within 30 days of the completion of service, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

### B. Venue Is Proper in This Court

38. This action was originally filed in the Superior Court of the State of California, County of Alameda. Venue is therefore proper in the United States District Court for the Northern

District of California, Oakland Division, pursuant to 28 U.S.C. § 1441(a), because this Court encompasses the district and division where this Action is currently pending.

**C. The Rule of Unanimity Is Satisfied**

39. NerdWallet is the only named and served defendant in this action. The remaining defendants are identified only as "Does 1–100, inclusive." Fictitious Doe defendants are disregarded for purposes of determining whether all defendants have consented to removal. *See* 28 U.S.C. § 1441(b)(1). Accordingly, the rule of unanimity is satisfied.

**D. The Forum Defendant Rule Does Not Bar Removal**

40. The forum defendant rule, which bars removal where a properly joined and served defendant is a citizen of the state in which the action is filed, *see* 28 U.S.C. § 1441(b)(2), does not apply here because the basis of removal is not under section 1332(a), but rather sections 1332(d) and 1331. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In addition, under 28 U.S.C. § 1453(b), CAFA removal is expressly exempt from the forum defendant rule. Accordingly, the forum defendant rule presents no impediment to removal under any jurisdictional theory.

**E. Copies Of Process, Pleadings, and Orders Served On Defendant**

41. Pursuant to 28 U.S. Code § 1446(a), the following documents filed by Plaintiff in the state court action are attached hereto:

**Exhibit A** – Proof of Service of Summons

**Exhibit B** – Complaint

**Exhibit C** – March 12, 2026 Order re: Complex Determination Hearing

**F. Notice to State Court and Plaintiff**

42. Pursuant to 28 U.S.C. § 1446(d), NerdWallet will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Alameda, in which the Action has been pending.

**V. <u>CONCLUSION</u>**

43. Based on the foregoing, NerdWallet respectfully requests that this Action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Division. If any question arises as to the propriety of the removal of this Action, NerdWallet respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Respectfully submitted,

Dated: March 18, 2026

By: */s/ Ryan Ball*
RYAN BALL
*RBall@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant
NERDWALLET, INC.