RYAN BALL (SBN 321772)
rball@goodwinlaw.com
MATTHEW T. BILLECI (SBN 329014)
mbilleci@goodwinlaw.com
**GOODWIN PROCTER LLP**
660 Newport Center Dr., Suite 450
Newport Beach, CA 92660
Tel.: +1 949 743 3400
Fax: +1 213 623 1673

Attorneys for Defendant
NERDWALLET, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FATIMA DAVIS, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

NERDWALLET, INC. a Delaware Corporation; and DOES 1-100, inclusive,

Defendant.

Case No. 3:26-cv-02384-TLT

**DEFENDANT NERDWALLET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant NerdWallet, Inc. ("NerdWallet" or "Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Fatima Davis's ("Plaintiff") Complaint (the "Complaint") as follows:

## NATURE OF THE ACTION

1. In response to paragraph 1 of the Complaint, NerdWallet admits that it is a Delaware corporation and that it owns and operates the website https://www.nerdwallet.com. NerdWallet denies that it is liable for any actions or claims alleged in the Complaint or that Plaintiff and Class Members are entitled to relief. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Complaint, NerdWallet admits that Plaintiff brings this action to enforce her constitutional rights to privacy and to damages under federal and California law for the alleged harm caused by the alleged collection and sale of their confidential data and personal information. NerdWallet denies that it is liable for any actions or claims alleged in the Complaint or that Plaintiff and Class Members are entitled to relief. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

## PARTIES

6. In response to paragraph 6 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence, citizenship, and location when she visited the

Website, and on that basis denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, NerdWallet admits that it is a Delaware corporation. NerdWallet denies the remaining allegations contained therein, including any allegation as to its principal place of business as stated in the Complaint.

## VENUE AND JURISDICTION

8. In response to paragraph 8 of the Complaint, NerdWallet admits that Plaintiff has alleged jurisdiction under California Code of Civil Procedure § 410.10 and that venue is alleged under California Code of Civil Procedure §§ 395(a) and 395.5. NerdWallet states that whether jurisdiction and venue are proper are legal conclusions not subject to denial or admission. NerdWallet admits that it does business in the State of California. NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## I. INTRODUCTION

### A. The California Invasion of Privacy Act

1. In response to paragraph 1[1] of the Complaint, admits that the allegations contained therein appear to set forth a portion of the California Invasion of Privacy Act ("CIPA"). NerdWallet states that the CIPA speaks for itself and, on that basis, denies any allegations in paragraph 1 inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of *In re Google Inc.*, 2013

[1] The Complaint repeats paragraph numbers 1 through 8 in Section I. For clarity, NerdWallet mirrors the paragraph numbering used in the Complaint in responding to the allegations.

WL 5423918 (N.D. Cal. Sept. 26, 2013); *Greenley v. Kochava, Inc.*, 2023 WL 4833466 (S.D. Cal. July 27, 2023); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022); and *Matera v. Google Inc.*, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016). NerdWallet states that those decisions speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

3. In response to paragraph 3 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of CIPA. NerdWallet states that the CIPA speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

**B. The Federal Wiretap Act**

4. In response to paragraph 4 of the Introduction, NerdWallet admits that the allegations contained therein appear to set forth a portion of the Senate Judiciary Committee Report (S. Rep. No. 99-541, 1986) related to the Electronic Communications Privacy Act ("ECPA"). NerdWallet states that the legislative history speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

5. In response to paragraph 5 of the Introduction, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(4) and (6). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

6. In response to paragraph 6 of the Introduction, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2520.

NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

## II. DEFENDANT ILLEGALLY INTERCEPTS THE CONTENTS OF ELECTRONIC AND WIRE COMMUNICATIONS AND ILLEGALLY CAPTURES IDENTIFYING INFORMATION

### A. Overview of Website Tracking Technology

7. In response to paragraph 7 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding the history of website tracking technology and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

#### i. *Cookies*

9. In response to paragraph 9 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding cookie technology and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

***ii. Pixels***

12. In response to paragraph 12 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding pixel technology and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

***iii. Device fingerprinting***

15. In response to paragraph 15 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding device fingerprinting and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding canvas fingerprinting and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

***iv. IP Addresses***

21. In response to paragraph 21 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding IP addresses and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general technical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general technical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general technical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general technical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, NerdWallet admits that the allegations contained therein appear to reference the European General Data Protection Regulation's ("GDPR") classification of IP addresses. NerdWallet states that the GDPR speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

**v. *Session recording***

38. In response to paragraph 38 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general

allegations regarding session recording technology and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40. In response to paragraph 40 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**B. Tracking Technology on Defendant's Website**

43. In response to paragraph 43 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

44. In response to paragraph 44 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

***i. Session Recorders***

45. In response to paragraph 45 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

***ii. Google Tracking Technology***

48. In response to paragraph 48 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding Google's revenue and advertising business and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding Google's revenue and advertising business and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

***iii. Meta/Facebook Pixel Tracking Technology***

53. In response to paragraph 53 of the Complaint, NerdWallet admits that the allegations contained therein appear to reference and set forth a portion of descriptions of the cited Facebook materials. NerdWallet states that those materials speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

54. In response to paragraph 54 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

55. In response to paragraph 55 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

57. In response to paragraph 57 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Facebook's published materials regarding its pixel. NerdWallet states that those materials speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

***iv. Advertising Networks***

58. In response to paragraph 58 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding advertising networks and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59. In response to paragraph 59 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general allegations regarding advertising networks and, on that basis, denies, generally and specifically, each and every allegation contained therein.

***v. Canvas Fingerprinting***

61. In response to paragraph 61 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

62. In response to paragraph 62 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

### C. Defendant Aided and Abetted Third-Party Interception by Installing and Using Trackers on the Website to Collect Plaintiff's and Class Members' Communications Without Consent or Court Order

63. In response to paragraph 63 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 631(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

64. In response to paragraph 64 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169 (N.D. Cal. Apr. 4, 2025), and *Ambriz v. Google, LLC*, 2025 WL 830450. NerdWallet states that those decisions speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

65. In response to paragraph 65 of the Complaint, NerdWallet admits that it owns and operates the website https://www.nerdwallet.com, which provides information regarding various financial products. NerdWallet denies any remaining allegations contained therein.

66. In response to paragraph 66 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

67. In response to paragraph 67 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

68. In response to paragraph 68 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

69. In response to paragraph 69 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

70. In response to paragraph 70 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

71. In response to paragraph 71 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

72. In response to paragraph 72 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

73. In response to paragraph 73 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

74. In response to paragraph 74 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

75. In response to paragraph 75 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2511(2)(d), and reference *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1077 (N.D. Cal. 2023). NerdWallet states that the statute and the decision speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

76. In response to paragraph 76 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

**D. Defendant's Conduct Constitutes an Unauthorized Interception of the Contents of Communications under CIPA and the ECPA**

77. In response to paragraph 77 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

78. In response to paragraph 78 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

79. In response to paragraph 79 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014), and *Mikulsky v. Bloomingdale's,*

*LLC*, 2025 WL 1718225 (9th Cir. June 20, 2025). NerdWallet states that those decisions speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

80. In response to paragraph 80 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

**E. Defendant's Conduct Constitutes an Illegal Pen Register and Trap and Trace Device Under CIPA**

81. In response to paragraph 81 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of CIPA § 638.51(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

82. In response to paragraph 82 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(b). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

83. In response to paragraph 83 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(b). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

84. In response to paragraph 84 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general

allegations regarding pen registers and trap and trace devices and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85. In response to paragraph 85 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general historical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

86. In response to paragraph 86 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the general historical allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

87. In response to paragraph 87 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

88. In response to paragraph 88 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of *Greenley v. Kochava, Inc.*, 2023 WL 4833466 (S.D. Cal. July 27, 2023). NerdWallet states that the decision speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

89. In response to paragraph 89 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of *James v. Walt Disney Co.*, 701 F.Supp.3d 942 (N.D. Cal. Nov. 8, 2023). NerdWallet states that the decision speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

90. In response to paragraph 90 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

**F. Defendant's Conduct Constitutes An Invasion Of Plaintiff's And Class Members' Privacy**

91. In response to paragraph 91 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

92. In response to paragraph 92 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

## III. PLAINTIFF'S AND THE CLASS MEMBERS' EXPERIENCES

93. In response to paragraph 93 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged visit to the Website in and around January 2026 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

94. In response to paragraph 94 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

95. In response to paragraph 95 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

96. In response to paragraph 96 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

97. In response to paragraph 97 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged receipt of targeted advertising or spam text messages and, on that basis, denies, generally and specifically, each and every allegation contained therein.

98. In response to paragraph 98 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

99. In response to paragraph 99 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged receipt of targeted advertising or spam text messages

and, on that basis, denies, generally and specifically, each and every allegation contained therein.

100. In response to paragraph 100 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

101. In response to paragraph 101 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's purported desire to access the Website without tracking technologies and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

102. In response to paragraph 102 of the Complaint, NerdWallet admits that Plaintiff purports to bring this action on behalf of herself and others similarly situated. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies that the proposed classes satisfy the requirements of Federal Rule of Civil Procedure 23 or that the class is otherwise proper or legally sufficient. NerdWallet denies that the putative classes are properly defined. NerdWallet denies any remaining allegations in paragraph 102.

103. In response to paragraph 103 of the Complaint, NerdWallet admits that Plaintiff alleges that certain individuals are excluded from the classes. NerdWallet admits that Plaintiff seeks to represent putative classes as outlined in paragraph 102 of the Complaint. NerdWallet states that this is a legal conclusion not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication and denies any remaining allegations therein.

104. In response to paragraph 104 of the Complaint, NerdWallet admits that Plaintiff alleges that "the members of the Class are so numerous that joinder of all members is impracticable." NerdWallet states that this is a legal conclusion not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies that the proposed class satisfies the requirements of

the Federal Rule of Civil Procedure 23. NerdWallet denies any remaining allegations in paragraph 104.

105. In response to paragraph 105 of the Complaint, NerdWallet admits that Plaintiff alleges "[t]here is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Class Representative Plaintiff's claims are typical of the members of the class, and Class Representative Plaintiff can fairly and adequately represent the interests of the Class." NerdWallet states that this is a legal conclusion not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. NerdWallet denies any remaining allegations in paragraph 105.

106. In response to paragraph 106 of the Complaint, including its subparts (a) through (i), NerdWallet admits that Plaintiff alleges "common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class." NerdWallet states that this is a legal conclusion not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. NerdWallet denies any remaining allegations in paragraph 106.

107. In response to paragraph 107 of the Complaint, NerdWallet admits that Plaintiff alleges that she will "fairly and adequately protect the interests of the Class," that she "has no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period," and that "Class Representative Plaintiff has retained competent counsel experienced in class action litigation." NerdWallet states that these are legal conclusions not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies any remaining allegations in paragraph 107.

108. In response to paragraph 108 of the Complaint, NerdWallet admits that Plaintiff alleges that "prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications." NerdWallet states that this is a legal conclusion not subject to denial or admission. NerdWallet denies that this action is suitable for class adjudication. NerdWallet denies that class action treatment is superior or necessary. NerdWallet denies any remaining allegations in paragraph 108.

109. In response to paragraph 109 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mechanics of class notice and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110. In response to paragraph 110 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act,**

**Cal. Penal Code § 630, et seq.(a)**

**(California subclass only)**

111. In response to paragraph 111 of the Complaint, NerdWallet repeats and incorporates by reference each of its responses to paragraphs 1 through 110 above as if fully set forth herein.

112. In response to paragraph 112 of the Complaint, NerdWallet admits that Plaintiff purports to bring this claim individually and on behalf of the members of the proposed Class against NerdWallet.

113. In response to paragraph 113 of the Complaint, NerdWallet admits that the allegations therein appear to reference the California Invasion of Privacy Act, Cal. Penal Code §§ 630 to 638. NerdWallet states that the statute speaks for itself, and on that basis, denies any allegations inconsistent therewith. Unless specifically

admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

114. In response to paragraph 114 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 630. NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

115. In response to paragraph 115 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 631(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

116. In response to paragraph 116 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

117. In response to paragraph 117 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of CIPA § 638.51(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

118. In response to paragraph 118 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(b). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

119. In response to paragraph 119 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

120. In response to paragraph 120 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

121. In response to paragraph 121 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

122. In response to paragraph 122 of the Complaint, NerdWallet is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged receipt of targeted advertising or spam text messages and, on that basis, denies, generally and specifically, each and every allegation contained therein.

123. In response to paragraph 123 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### Violation of the Wiretap Act

### Title 1 of the Electronic Communications Privacy Act ("ECPA") (18 U.S.C. § 2510, et seq.)

124. In response to paragraph 124 of the Complaint, NerdWallet repeats, realleges, and incorporates by reference each of its responses to paragraphs 1 through 123 above as if fully set forth herein.

125. In response to paragraph 125 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2511(a), (c), (d). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

126. In response to paragraph 126 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(4). NerdWallet states that the statute speaks for itself and, on that basis, denies any

allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

127. In response to paragraph 127 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(8). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

128. In response to paragraph 128 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(6). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

129. In response to paragraph 129 of the Complaint, NerdWallet admits that Plaintiff is an individual. NerdWallet states that whether Plaintiff qualifies as a "person" for purposes of 18 U.S.C. § 2510(6) is a legal conclusion not subject to denial or admission. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

130. In response to paragraph 130 of the Complaint, NerdWallet admits that it is a corporation. NerdWallet states that whether NerdWallet qualifies as a "person" for purposes of 18 U.S.C. § 2510(6) is a legal conclusion not subject to denial or admission. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

131. In response to paragraph 131 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

132. In response to paragraph 132 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

133. In response to paragraph 133 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

134. In response to paragraph 134 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

135. In response to paragraph 135 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### Violation of the California Computer Data Access and Fraud Act

### (California Penal Code § 502)

### (California subclass only)

136. In response to paragraph 136 of the Complaint, NerdWallet repeats, realleges, and incorporates by reference each of its responses to paragraphs 1 through 135 above as if fully set forth herein.

137. In response to paragraph 137 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

138. In response to paragraph 138 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(a). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

139. In response to paragraph 139 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(b)(1). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

140. In response to paragraph 140 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(b)(3).

NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

141. In response to paragraph 141 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(b)(5). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

142. In response to paragraph 142 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

143. In response to paragraph 143 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(b)(8). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

144. In response to paragraph 144 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

145. In response to paragraph 145 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(c)(1). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

146. In response to paragraph 146 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(c)(2). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

147. In response to paragraph 147 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code § 502(c)(4). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

148. In response to paragraph 148 of the Complaint, NerdWallet admits that the allegations therein appear to set forth a portion of Cal. Penal Code §§ 502(c)(6) and (7). NerdWallet states that the statute speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

149. In response to paragraph 149 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

150. In response to paragraph 150 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

151. In response to paragraph 151 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

152. In response to paragraph 152 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

153. In response to paragraph 153 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

154. In response to paragraph 154 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

155. In response to paragraph 155 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

156. In response to paragraph 156 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**Invasion Of Privacy**

**(Violation Of Art. 1, § 1, California Constitution)**

**(California Subclass Only)**

157. In response to paragraph 157 of the Complaint, NerdWallet repeats, realleges, and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

158. In response to paragraph 158 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Article I, Section 1 of the California Constitution. NerdWallet states that the California Constitution speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

159. In response to paragraph 159 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth a portion of Article I, Section 1 of the California Constitution. NerdWallet states that the California Constitution speaks for itself and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

160. In response to paragraph 160 of the Complaint, NerdWallet admits that the allegations contained therein appear to set forth portions of the California Constitution, the CDAFA, CIPA, HIPAA, and "numerous other statutes." NerdWallet states that the California Constitution and these statutes speak for themselves and, on that basis, denies any allegations inconsistent therewith. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

161. In response to paragraph 161 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

162. In response to paragraph 162 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

163. In response to paragraph 163 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

164. In response to paragraph 164 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

165. In response to paragraph 165 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

166. In response to paragraph 166 of the Complaint, NerdWallet admits that Plaintiff alleges it "seeks other relief as the Court may deem just and proper." Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

**FIFTH CAUSE OF ACTION**

**(Violations Of The California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, Et Seq.)**

167. In response to paragraph 167 of the Complaint, NerdWallet repeats, realleges, and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

168. In response to paragraph 168 of the Complaint, including subparts (a)-(d), NerdWallet denies, generally and specifically, each and every allegation contained therein.

169. In response to paragraph 169 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

170. In response to paragraph 170 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

171. In response to paragraph 171 of the Complaint, NerdWallet denies, generally and specifically, each and every allegation contained therein.

172. In response to paragraph 172 of the Complaint, NerdWallet admits that Plaintiff seeks relief under the UCL, including declaratory relief, attorney fees, costs and expenses, and injunctive or other equitable relief. Unless specifically admitted, NerdWallet denies, generally and specifically, each and every remaining allegation contained therein.

**RESPONSE TO DEMAND FOR JURY TRIAL**

173. In response to paragraph 173 of the Complaint, NerdWallet admits that Plaintiff has demanded a trial by jury.

**RESPONSE TO PRAYER FOR RELIEF**

NerdWallet denies that Plaintiff is entitled to any damages against NerdWallet as set forth in her prayer for relief.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, NerdWallet hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

(ARBITRATION)

Plaintiff's claims, including putative class members (collectively, "Plaintiffs"), are subject to arbitration pursuant to a valid and binding arbitration agreement. NerdWallet specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff, as well as any claims by putative class members that are subject to arbitration.

**SECOND AFFIRMATIVE DEFENSE**

(STATUTE OF LIMITATIONS)

All claims alleged in the Complaint against NerdWallet are barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

(PARTICIPANT EXCEPTION)

All claims alleged in the Complaint against NerdWallet fail because NerdWallet was a participant to any alleged conversation, and thus cannot be liable under any of the alleged causes of action.

**FOURTH AFFIRMATIVE DEFENSE**

(CONSENT)

All claims alleged in the Complaint against NerdWallet fail because Plaintiffs consented to any alleged tracking of the alleged conversations by third parties, thus NerdWallet cannot be liable under any of the alleged causes of action.

**FIFTH AFFIRMATIVE DEFENSE**

(NON-ACTIONABLE RECORD INFORMATION)

All claims alleged in the Complaint against NerdWallet fail because any information alleged to have been intercepted by third parties was non-actionable record information, and was not the contents of any communication, and thus NerdWallet cannot be liable under any of the alleged causes of action.

**SIXTH AFFIRMATIVE DEFENSE**

(INFORMATION NOT IN TRANSIT)

All claims alleged in the Complaint against NerdWallet fail because any information alleged to have been recorded by third parties was not intercepted in transit, but was rather transmitted to third parties after the information came to rest, and thus NerdWallet cannot be liable under any of the alleged causes of action.

**SEVENTH AFFIRMATIVE DEFENSE**

(NO EXPECTATION OF PRIVACY)

All claims alleged in the Complaint against NerdWallet fail because Plaintiffs did not have a reasonable expectation of privacy in the information that was allegedly recorded because they cannot allege that any eavesdropping occurred, and thus NerdWallet cannot be liable under any of the alleged causes of action.

**EIGHTH AFFIRMATIVE DEFENSE**

(NO HIGHLY OFFENSIVE INTRUSION)

All claims alleged in the Complaint against NerdWallet fail because the collection of the allegedly recorded record information cannot amount to "a highly offensive disclosure of information or a 'serious invasion' of a privacy interest." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) ("The information disclosed to third parties by LinkedIn, including a numeric code associated with a user and the URL of the profile page viewed, does not meet the standard set by California courts."); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (declining to find that defendant violated constitutional right to privacy in releasing unique device identifier number, personal data, and geolocation information from cell phones to third parties); *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp 3d 968, 985 (N.D. Cal. 2014) ("Courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms.")

**NINTH AFFIRMATIVE DEFENSE**

(INDEMNIFICATION)

NerdWallet is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs were the result of the acts or omissions of third persons over whom NerdWallet had neither control nor responsibility.

**TENTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE DAMAGES)

Plaintiffs failed to mitigate their damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(ESTOPPEL)

Any damages which Plaintiffs may have suffered, which NerdWallet continues to deny, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(LACHES)

All claims alleged in the Complaint against NerdWallet are barred by laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(CONTRIBUTORY/COMPARATIVE FAULT)

NerdWallet is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own conduct, which equaled or exceeded any alleged wrongdoing by NerdWallet.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(INDEPENDENT INTERVENING CAUSE)

NerdWallet alleges upon information and belief that if Plaintiffs sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of NerdWallet was not a proximate cause of the alleged injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(MOOTNESS)

All claims alleged in the Complaint against NerdWallet are barred, in whole or in part, to the extent that the claim or relief sought is moot.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(WAIVER)

All claims alleged in the Complaint against NerdWallet are barred, in whole or in part, by the doctrine of waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(LACK OF STANDING)

All claims alleged in the Complaint against NerdWallet fail because Plaintiffs have suffered no cognizable injury and do not have standing to assert their claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(EXCESSIVE FINES CLAUSE)

All claims alleged in the Complaint against NerdWallet are barred, in whole or in part, because they seek to impose an excessive fine within the meaning of the Excessive Fines and Penalties Clause of the Eighth Amendment to the United States Constitution to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process Clause.

**NINETEENTH AFFIRMATIVE DEFENSE**

(IMPROPER CLASS ACTION)

The claims alleged in the Complaint against NerdWallet may not properly be maintained or certified as a class action because, *inter alia*, Plaintiffs cannot fairly or adequately represent the interests of each member of the proposed class(es), and/or the questions of law and fact allegedly common to the class(es) do not predominate over the numerous questions affecting only individual class members.

**TWENTIETH AFFIRMATIVE DEFENSE**

(RIGHT TO ASSERT ADDITIONAL DEFENSES)

NerdWallet reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant NerdWallet prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

//

//

//

Respectfully submitted,

Dated: May 8, 2026

By: */s/ Ryan Ball*

RYAN BALL
*rball@goodwinlaw.com*
MATTHEW T. BILLECI
*mbilleci@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant
NERDWALLET, INC.