United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FATIMA DAVIS,
Plaintiff,
v.
NERDWALLET, INC.,
Defendant.

Case No. 26-cv-02384-TLT

**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT DOCKET NO. 26-CV-169084**

Re: Dkt. Nos. 22, 29

Plaintiff Fatima Davis ("Plaintiff") alleges that Defendant Nerdwallet, Inc. ("Defendant") invaded her privacy, as well as the privacy of other proposed class members, through its use of website tracking technologies. *See generally* ECF 1-2 ("Complaint" or "Compl."). Specifically, Plaintiff brings claims for: (1) violation of the California Invasion of Privacy Act; (2) violation of the Electronic Communications Privacy Act; (3) violation of the California Computer Data Access and Fraud Act; (4) invasion of privacy under Art. 1, § 1 of the California Constitution; and (5) unfair competition. *See* Compl. ¶¶ 111–73. Plaintiff initially filed her complaint in Alameda County Superior Court and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See generally* ECF 1; Compl.

On September 22, 2026, the Court issued an order requiring the parties to explain why Plaintiff has Article III standing in light of the Ninth Circuit's ruling in *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). ECF 29. The parties timely filed their responses to the Court's order on September 28, 2026. ECF 30; ECF 31. Both parties agree that Plaintiff lacks Article III standing to pursue her claims in this Court. ECF 30; ECF 31.

In her response, Plaintiff argues that remand to state court is required under 28 U.S.C. § 1447(c) and binding Ninth Circuit precedent. ECF 30 at 3. Defendants do not take a position on

whether remand or dismissal is required. *See* ECF 31.

A review of Section 1447(c) and controlling Ninth Circuit precedent leads the Court to conclude that remand to Alameda County Superior Court is required. Under Section 1447(c),"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This is true regardless of whether Plaintiff files a motion to remand. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("In an ordinary removal case, [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. Moreover, the district court generally must remand the case to state court, rather than dismiss it.") (citations, emphasis, and internal quotation marks omitted); *Weiler v. Delta Dental of California*, No. 25-CV-02846-HSG, 2026 WL 84319, at *2 (N.D. Cal. Jan. 12, 2026). Moreover, in a precedential Ninth Circuit decision, the Court reversed a district court, where it dismissed a removed action for lack of subject matter jurisdiction. *Polo*, 833 F.3d at 1194. The Ninth Circuit held that the district court should have remanded the action back to state court instead. *Id.* The only exception to this rule is "[a] narrow 'futility' exception . . . [that] permits the district court to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022) (citation omitted). Here, there is no absolute certainty that the Alameda County Superior Court would dismiss this action, and Defendant does not argue otherwise. *See* ECF 31.

Indeed, another Court in this District recently remanded another putative class action asserting same claims as this action to state court. *Robinson v. Snap-On Inc.*, No. 3:26-CV-08723-JSC, 2026 WL 2874916, at *1 (N.D. Cal. Sept. 24, 2026). The Court sees no reason not to do the same here.

//

//



United States District Court
Northern District of California

Therefore, this action is **REMANDED** to the Alameda County Superior Court for lack of subject matter jurisdiction. Accordingly, ECF 22 is **DENIED** as **MOOT**.

This order resolves ECF 22.

IT IS SO ORDERED.

Dated: October 5, 2026

TRINA L. THOMPSON
United States District Judge

Alameda County Superior Court, 26CV169084

United States District Court
Northern District of California